IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>KATHLEEN FISCHER,<br><br>　　　　　　　Defendant. | 8:10CR201<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant Kathleen Fisher's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, Filing No. 103.  In her § 2255 motion, she essentially alleges that she received ineffective assistance of counsel in that she asked her counsel to file an appeal, but he failed to do so.  *Id.*

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion.  *See* 28 U.S.C. § 2255, Rule 4(b).  The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion.  *Id.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences.  *Johnson v. United States*, 544 U.S. 295, 299 (2005).  Generally, that year begins to run from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  When a defendant does not file an appeal, his conviction becomes final when the period in which to file an appeal expires.

*Anjulo-Lopez v. United States*, 540 F.3d 814, 816 (8th Cir. 2008).  In a criminal case, a notice of appeal must be filed within 14 days of the entry of judgment.  Fed. R. App. P. 4(b)(1)(A)(I).

The record shows that the defendant's § 2255 motion is untimely.  The criminal judgment became final in June of 2011 and the defendant did not file her § 2255 motion until August 1, 2013.  Accordingly, on initial review, the court finds that it plainly appears that the defendant is entitled to no relief because her motion is untimely.

Moreover, the court finds if it were to consider the merits of the § 2255 motion, it would find that petitioner has not made "a substantial showing of the denial of a Constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Rule 11(a) of the Rules Governing Section 2255 Proceedings.  The record shows that the defendant was charged with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. Filing No. 1, Indictment.  The Indictment also contained a forfeiture allegation with respect to real property and cash.  *Id.*  She entered into a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C), in which she agreed to a sentence of fifteen years (180 months) in exchange for the government's agreement not to file an Information under 21 U.S.C. § 851 regarding prior convictions for felony drug offenses and not to effect a forfeiture of her house.[1]  Filing No. 78, Plea Agreement at 1, 2, and 6.

The Presentence Investigation Report ("PSR") relates that defendant was given the option of an agreed sentence of 10 years plus the forfeiture of the house or of 15 years plus a payment of $10,000 to the government and no forfeiture of the house.

---

[1] She also agreed not to contest the forfeiture of approximately $6,000 in cash found in the house and to pay the government approximately $3,000.

Filing No. 97, PSR (Sealed) at 6 (Filing No. 97 at ECF p. 6).  The plea agreement also provided that she expressed a desire to cooperate and that the government would consider her cooperation in determining whether to file a motion to reduce the defendant's sentence.  Filing No. 78, Plea Agreement at 5.  The PSR, however, reflects that the prosecutor stated that such a motion would be unlikely.  Filing No. 97, PSR at 6.  The Probation Office determined that the defendant should be held responsible for distribution of 1.27 kilograms of methamphetamine.  *Id.* at 7.  (Filing No. 97 at ECF p. 7).  Her sentencing range under the Guidelines was 262 to 327 months.  *Id.* at 24 (Filing No. 97 at ECF p. 24).

The record shows that the defendant also waived the right to appeal her conviction and sentence in the plea agreement.  Filing No. 78, Plea Agreement (Filing No. 78 at ECF p. 8).  There are no allegations that the plea agreement was not knowing or voluntary and the record shows that it was.  See Filing No. 81, Transcript of Plea Hearing; Filing No. 80, Order.  The Eighth Circuit Court of Appeals has approved appeal waivers in similar circumstances.  See *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered waiver and plea agreement, and enforcing waiver does not result in miscarriage of justice).

There is no basis in the record for any direct-appeal challenge under the limited exceptions set out in the appeal waiver, and no miscarriage of justice would result from enforcing the waiver.  The defendant knowingly and voluntarily entered into a binding Fed. R. Crim. P. 11(c)(1)(C) agreement and received the benefit of her bargain.  She would have been subject to a significantly longer sentence under the Guidelines, and an

3

even longer sentence had the government filed a § 851 Information. Under the circumstances, it plainly appears from the face of the motion and the record of proceedings that the defendant is not entitled to relief.

THEREFORE, IT IS ORDERED:

1. On initial review, the court finds that the defendant is entitled to no relief under 28 U.S.C. § 2255.

2. Defendant Fischer's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 ([Filing No. 103](Filing No. 103)) is denied.

3. A judgment of dismissal will be entered this date.

DATED this 30th day of January, 2014.

BY THE COURT:

s/Joseph F. Bataillon
United States District Judge