IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:10CR201 |
| vs. | |
| KATHLEEN FISCHER, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on initial review of defendant Kathleen Fischer's *pro se* motions to vacate under 28 U.S.C. § 2255, Filing No. 123, and 28 U.S.C. § 2241, Filing No. 126.

I. BACKGROUND

Kathleen Fischer entered a plea of guilty to one count of distribution or possession with intent to distribute 500 grams or more of a methamphetamine mixture. That charge carries a ten-year mandatory minimum sentence. 21 U.S.C. §§ 841(b)(1).

In a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Fischer agreed to a sentence of 180 months (fifteen years) based on her "role in the offense, criminal history, and acceptance of responsibility." Filing No. 78, Plea Agreement at 6. She also agreed to forfeit some currency and to pay the government the sum of approximately $3,400. *Id.* Other than the statement quoted above, the plea agreement did not refer to any calculations under the Guidelines. In exchange for the guilty plea, the government agreed not to file an Information of convictions for felony drug offenses or violent crimes under 21 U.S.C. § 851. It also

agreed not to seek forfeiture of real property to the government. The plea agreement also contemplated cooperation. *See* Filing No. 78.

Fischer's presentence investigation report ("PSR") indicates that Fischer's suggested Guidelines range would have been 262 to 327 months based on her status as a career offender for having two prior convictions of felony drug offenses. Filing No. 97, PSR (Sealed) at 9; *see* U.S.S.G. § 4B1.1. Under the Guidelines' career-offender provision, Fischer's base offense level was 37, less 3 levels for acceptance of responsibility, resulting in a total offense level 34 at criminal history category VI.[1] *Id.* The plea agreement does not mention or refer to the PSR.

Fischer filed a motion to vacate under 28 U.S.C. § 2255 on August 1, 2013. Filing No. 103. She contended, *inter alia*, that her attorney had failed to file an appeal. *Id.* The motion was denied as untimely on initial review. Filing No. 104. She later filed a motion to reduce her sentence under 18 U.S.C. § 3582(c)(2) based on Guidelines Amendment 782, which retroactively reduced the base offense levels for drug offenses by two levels. Filing No. 109. Fischer's appointed counsel later moved to withdraw, stating that Fischer did not qualify for an Amendment 782 sentence reduction because she had been sentenced as a career offender. Filing No. 111 and Filing No. 116.[2]

---

[1] Without application of the career offender provision, Fischer would have had a base offense level of 32 based on a quantity of 1.27 kilograms of methamphetamine, less 3 levels for acceptance of responsibility, for a total offense level of 29. She would have been in Criminal History Category III based on the assessment of 4 criminal history points for two prior drug distribution convictions. Under the 2010 Guidelines, her Guidelines sentencing range would have been 108-135 months. *See* Filing No. 97, PSR at 9, 11-15.

[2] Though the career offender Guidelines provision formed the basis for Fischer's Guidelines calculations, Fischer was not sentenced as a career offender. Her sentence was based on a plea agreement. The distinction is of no consequence, however, because she is not entitled to relief under Guidelines Amendment 782 in either event. *See infra* at 5.

2

Fischer now seeks relief based on Amendment 794 to U.S.S.G. 3B1.2. That amendment relates to Guidelines commentary on the use of minor and minimal participant downward adjustments in Guidelines calculations. She asserts that under the revised commentary text she is entitled to a four-level reduction in her Guidelines sentence for her minimal participation.

She also contends, under 28 U.S.C. § 2241, that she is entitled to a sentence reduction by reason of several recent Supreme Court cases.[3]

II. LAW

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.*

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. 28 U.S.C. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). A motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record,

---

[3] These include *Descamps v United States*, 133 S. Ct. 2276 (2013), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). All of the cases are of little relevance to Fischer's situation because they involve interpretation of the Armed Career Criminal Act, 18 U.S.C. § 924(e), and career offender enhancements. As noted, Fischer was sentenced pursuant to a binding plea agreement and not under either statutory or Guidelines career offender provisions.

inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

A "second or successive" § 2255 motion cannot be entertained by the trial court without prior approval by the Court of Appeals. 28 U.S.C. §§ 2244(b)(3) and 2255(h). Without pre-approval from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. *See Boykin v. United States*, 242 F.3d 373 (8th Cir. 2000) (unpublished opinion).

A claim attacking a sentence is properly entertained in a § 2255 petition in the sentencing court, whereas a claim attacking the execution of that sentence should be brought in a § 2241 petition in the jurisdiction of incarceration. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). "A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).[4]

---

[4] Several Circuit Courts authorizes petitions under § 2241 in a "narrow subset of § 2241 petitions" for (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016) (discussing the savings clause of 28 U.S.C. § 2255(e)); *see also Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (stating that a petitioner must show: (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect in order to invoke the savings clause); *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013) (interpreting prior precedent to allow application of the savings clause "when a fundamental defect in sentencing occurred and the petitioner [has] not had an opportunity to obtain judicial correction of that defect earlier" (internal quotation marks omitted)). This is not such a case. Fischer was sentenced under the post-*Booker* sentencing regime. Though she was not sentenced as a career offender, her prior felony drug convictions remain predicate offenses for a career-offender enhancement.

Under 18 U.S.C. § 3582(c)(2), "a rare exception to the finality of criminal judgments," district courts may "reduce the sentence of 'a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017) (quoting 18 U.S.C. § 3582(c)(2)). The Commission has authorized a § 3582(c)(2) reduction if a guidelines amendment that it has declared retroactive lowers the defendant's "applicable guidelines range." U.S.S.G. § 1B1.10(a)(2) & (d) (listing Guidelines amendments that the Sentencing Commission has declared retroactive); *Koons*, 850 F.3d at 976. Amendment 794 is not listed in U.S.S.G. § 1B1.10(d) and therefore it is not retroactive. *See, e.g., United States v. Hassan,* No. CR 10-187 (2) (MJD), 2017 WL 129996, at *1 (D. Minn. Jan. 12, 2017).

A Rule 11(c)(1)(C) agreement may only be reduced under § 3582(c)(2) if the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range" or provides for a specific term of imprisonment and "make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Freeman v. United States*, 564 U.S. 522, 538-39 (2011) (Sotomayor, J., concurring).[5] In making this determination, the court looks to the language of the plea agreement itself. *Id.* at 539-40. The plea agreement must do more than opaquely refer to concepts usually embodied in

---

[5] Justice Sotomayor's opinion is the controlling opinion in *Freeman*. *See United States v. Long,* 757 F.3d 762, 764 (8th Cir. 2014).

5

Guidelines calculations. *United States v. Renfrow*, No. 15-3792, 2017 WL 781516, at *1 (8th Cir. Feb. 28, 2017); see also *United States v. Johnson*, 697 F.3d 1190, 1191 (8th Cir. 2012) (per curiam) (holding that where the Rule 11(c)(1)(C) agreement stated that the agreed upon sentencing range "takes into account all of the factors to be considered under the advisory sentencing guidelines that apply to this offense," the language was not sufficiently clearly based upon the Guidelines so as to entitle the defendant to a § 3582(c)(2) reduction). In the Eighth Circuit, even where a Rule 11(c)(1)(C) agreement specifies a drug quantity and base offense level, but lacks more obvious Guidelines calculations, the agreement is "not based upon the Guidelines and instead [is] based upon a bargain between the parties." *Renfrow*, No. 15-3792, 2017 WL 781516, at *1.

III. DISCUSSION

The court finds that Fischer's motions to vacate her sentence should be denied. This court lacks jurisdiction over Fischer's ostensible challenge under 28 U.S.C. § 2241 because Fischer is not confined in the District of Nebraska. Further, her § 2255 motion is subject to dismissal as a successive petition.

Even if it were not successive, Fischer's argument that she is entitled to a § 3582(c) reduction in her sentence under Amendment 794 is unavailing. The record shows Fischer's sentence was not based on the Sentencing Guidelines, but on a binding Federal Rule of Criminal Procedure 11(c)(1)(C) agreement. Amendment 794, which was effective on November 1, 2015, made changes and additions to the commentary to § 3B1.2, to provide additional guidance to courts in determining whether a mitigating role adjustment applies to a defendant. It has no application to Fischer's sentence since her sentence was not based on the Guidelines.

In any event, the Sentencing Commission has not made Amendment 794 retroactive. Fischer's reliance on *United States v. Quintero-Leyva*, 823 F.3d 519, 522-23 (9th Cir. 2016) in support of her argument is misplaced. In *Quintero-Leyva*, the Ninth Circuit Court of Appeals held that Amendment 794 applies retroactively to cases on direct appeal. *Id.* at 523. This case is not on direct appeal. Furthermore, the Eighth Circuit has not adopted that position. In the Eighth Circuit, amendments that are not enumerated in § 1B1.10 cannot be applied retroactively, even on direct appeal. *United States v. Dowty*, 996 F.2d 937, 938 (8th Cir. 1993).

The movant cannot appeal an adverse ruling on her § 2255 motion unless she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of any cognizable § 2255 or § 2241. The court is not persuaded that the issues raised are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's *pro se* motions to vacate her sentence (Filing No. 123 and Filing No. 126) are denied.

2. The court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

DATED this 18th day of May, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge